IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

HOWARD BAKER, INC.,

    Plaintiff,

v.                                        Docket No._____

CHARLES BLALOCK & SONS, INC.;
OBER GATLINBURG, INC.;

    Defendants.

## **COMPLAINT**

Plaintiff Hayward Baker, Inc. (hereinafter "HBI"), by and through counsel, files this Complaint against Defendants Charles Blalock & Sons, Inc. ("Blalock"), and Ober Gatlinburg, Inc. ("Ober") and states in support as follows:

## **I. PARTIES**

1. Hayward Baker, Inc. ("HBI") is a Delaware corporation authorized to and conducting business in the State of Tennessee. HBI is a wholly owned subsidiary of Keller Foundations, LLC, which is a Delaware limited liability company.

2. Defendant Charles Blalock & Sons, Inc. is a Tennessee corporation with its principal office at 409 Robert Henderson Road, Sevierville, Tennessee 37862. Upon information and belief, Blalock is a bonded contractor that works for the State of Tennessee.

3. Defendant Blalock's registered agent is Sidney Blalock, 409 Robert Henderson Road, Sevierville, Tennessee 37862-1866.

4. Defendant Ober Gatlinburg, Inc. is a Tennessee corporation with its principal office at 1001 Parkway, Gatlinburg, Tennessee 37738.

5. Defendant Ober's registered agent is Mr. Bruce Anders, 1001 Parkway, Gatlinburg, Tennessee 37738-3138.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, since the parties are diverse and the amount in controversy exceeds $75,000.00.

7. Venue is proper in this judicial district pursuant to Tennessee Code Annotated § 20-4-101 because Sevier County is where the Defendants are located and where the act or omission giving rise to this action occurred.

## III. FACTUAL ALLEGATIONS

8. At all times relevant to this action, Gerardo Salazar Garcia ("Garcia") was employed by HBI.

9. On or about April 15, 2015, HBI entered into a contract with Defendant Ober that called for HBI to construct certain improvements to Ober's business property located in Gatlinburg, Tennessee ("Jobsite").

10. Upon information and belief, Blalock was also performing work on the Jobsite.

11. Upon information and belief, Blalock, unbeknownst to HBI, was performing grading work on a hillside approximately 600 hundred feet above HBI's work site.

12. On May 2, 2015, at approximately 1:30 p.m., HBI's employees, including Garcia, were performing the contracted work at the Jobsite, when Garcia—who was performing work in a boom-lift vehicle—was struck in the back and shoulder by a large

boulder ("Accident"). The boulder was approximately two feet in diameter, and weighed approximately 200 pounds.

13. Upon information and belief, at the time of the Accident, Mark Brackins ("Brackins"), a Blalock employee, was operating earth moving equipment and pushing brush, loose rock, and other debris off a ledge/structural bench above HBI's worksite.

14. Plaintiff's employees were unaware that Brackins and Blalock were operating above their worksite.

15. It was Brackins and Blalock's work on the Jobsite that caused the large boulder to dislodge from the hillside, fall into Plaintiff's work area, and strike Garcia in back and shoulder while he was standing in the bucket of a lift.

16. As a result of Brackins and Blalocks' actions, Garcia suffered serious physical injuries. Garcia filed a workers' compensation claim, and his employer, HBI, paid a total of $144,795.71 in medical and indemnity benefits on Garcia's behalf.

17. Upon information and belief, photographs taken at or around the time of the Accident show a substantial amount of debris, and a number of boulders, on the hillside between where Brackins was operating the bulldozer for Blalock and HBI's work area.

18. Plaintiff, through its worker's compensation claims administrator, Zurich North American Insurance Company, requested payment from Blalock for the medical and indemnity benefits that were paid on Garcia's behalf.

19. Garcia did not file suit against any of the named Defendants in this action within the statute of limitations for his injuries to pursue liability against them for his injuries.

3

20. Pursuant to statutory authority found in Tenn. Code Ann. § 50-6-112(d)(2), HBI, as Garcia's employer, was assigned any cause of action in tort that Garcia may have against Defendants.

21. Defendants owe HBI at least $144,795.71 for the medical and indemnity workers' compensation benefits that it paid on Garcia's behalf.

## COUNT I ---
## NEGLIGENCE/NEGLIGENCE PER SE
## (as to all Defendants)

22. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as if fully stated herein, and states:

23. Defendants owed a duty of care to HBI and its employees to provide a safe work environment and to comply with the applicable state (Tennessee Occupational Safety and Health Administration), federal (the Occupational Health and Safety Admnistration), and equivalent safety regulations or standards.

24. Defendants' failure to adhere to established safety standards posed an unreasonable and foreseeable risk of harm to persons or property, and, thus, their conduct fell below the applicable standard of care.

25. Garcia and HBI sustained an injury due to Defendants' conduct and breach of Defendants' duty of care.

26. Defendants' conduct was the cause-in-fact of Garcia's injuries.

27. Defendants' conduct was the proximate cause of Garcia's injuries.

28. As a result of Defendants' negligence, HBI sustained actual damages in the amount of $144,795.71, in addition to other damages, including, but not limited to, reasonable costs and attorney's fees.

## COUNT II ---
## RESPONDEAT SUPERIOR
## (as to Defendant Ober)

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as if fully stated herein, and states:

30. Upon information and belief, Blalock performed all of its work at the direction and supervision of the project owner, Ober. Thus, Blalock was Ober's agent, and Ober is liable for the negligent acts of Blalock.

## COUNT III ---
## RES IPSA LOQUITUR
## (as to all Defendants)

31. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as if fully stated herein, and states:

32. Plaintiff's employee, Garcia, was struck and injured by a boulder that was dislodged by Blalock's employee, Brackins.

33. Blalock was operating in the area at or around the time the boulder was dislodged, and the boulder fell from an area that was under their supervision and control.

34. Additionally, upon information and belief, Blalock was the only operator in the area where the boulder was located before being dislodged by Brackins.

35. Absence Defendants' negligence, this injury would not have ordinarily occurred. Thus, under the doctrine of res ipsa loquitur, negligence can be inferred from the circumstances of Garcia's injury.

# COUNT IV ---
## NEGLIGENT SUPERVISION
### (as to all Defendants)

36. Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as if fully stated herein, and states:

37. Upon information and belief, Defendants failed to reasonably monitor and control the actions of Brackins and/or their other employees.

38. Defendants knew or reasonably should have known that Brackins' work clearing brush uphill from Plaintiff's worksite presented an unreasonable risk of harm to Plaintiff's employees.

39. Plaintiff's employee, Garcia, sustained a serious injury as a direct result of Defendants failure to properly monitor the worksite and their employees' actions, individually and collectively, when Defendants allowed a large boulder to be dislodged from the hillside and fall onto Garcia.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants and prays as follows:

1. That a copy of the Complaint be served upon Defendants and that Defendants be required to answer as provided by law;

2. That the Court find that Defendants are liable to Plaintiff for negligence;

3. That the Court find that Defendants are liable to Plaintiff for respondeat superior;

4. That the Court find that Defendants are liable to Plaintiff for res ipsa loquitur;

5. That the Court find that Defendants are liable to Plaintiff for negligent supervision;

6. That the Court order judgment against Defendants for actual damages in the amount of $144,795.71, in addition to other damages, including, but not limited to, reasonable costs and attorney's fees;

7. That the Court order Defendants to pay Plaintiff interest, costs, and reasonable attorney's fees;

8. That the Court order judgment against Defendants for punitive damages for Defendants' egregious, intentional and unlawful acts and omissions; and

9. That the Court award Plaintiff all such other relief as the Court deems just and proper.

Dated: <u>November 2, 2016</u>

Respectfully submitted,

By: <u>/s/ J. Gordon Howard</u>
J. Gordon Howard* (TN #26850)
Julie Y. McLaughlin* (TN #021598)
LAWRENCE AND RUSSELL, PLC
5178 Wheelis Drive
Memphis, Tennessee 38117
Telephone: (901) 844-4449
Facsimile: (901) 844-4435
E-Mail: gordonh@lawrencerussell.com
juliem@lawrencerussell.com

ATTORNEYS FOR PLAINTIFF

* To be admitted pro hac vice.